ORIGINAL

**IN THE UNITED STATES COURT**
**OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| REGAL DECISION SYSTEMS, INC.<br>1302 Concourse Drive<br>Suite 101<br>Linthicum, Maryland 21090 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No: 1040 |
| UNITED STATES OF AMERICA,<br>UNITED STATES ARMY CORPS OF ENGINEERS<br>Fort Worth Contracting Division<br>819 Taylor Street<br>Fort Worth, Texas 76102 | * | |
| **Serve on: Statutory Agent<br>Attorney General of the United States** | * | |
| Defendant | * | |

* * * * * * * * * * *

**COMPLAINT**

Regal Decision Systems, Inc. ("Regal"), by its undersigned counsel, hereby sues the United States of America, United States Army Corps of Engineers and for cause states:

**THE PARTIES**

1. Regal is a corporation organized and existing under the laws of the State of Maryland with its principal place of business located in Linthicum, Maryland. Regal is a

small business operations research company which provides development and application of computer models and software to the government.

2. The United States Army Corps of Engineers ("USACOE") is an agency of the United States of America.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to Title 28, Section 1491 of the United States Code ("Tucker Act"). The Contract entered into between the United States and Regal is a valid express contract within the contemplation of the Tucker Act. The Contract at issue embodies an intent to contract, offer and acceptance, mutual obligations, consideration and it was executed by the USACOE Contracting Officer, who had actual authority to bind the government.

## FACTS

4. The USACOE and Regal entered into Contract No. GS-35F-0693J (hereinafter the "Contract").

5. On September 15, 2002, the USACOE issued Task Order DACW63-02-F-0270, Purchase Request No. W45XMA-2256-8366 to Regal, which was accepted by Regal on September 16, 2002.

6. The Task Order required Regal to support the INS Headquarters, Facilities and Engineering (Pre-USVISIT) to support Border Operations and Management.

7. The Task Order was a firm, fixed price contract in the amount of 259,623.92.

8. The Task Order Scope of Work ("SOW") specifically required the creation of a GAP analysis tool for all Federal Inspection Services ("FIS") Land Point of Entries ("POEs") and the provision of analytical support for use in resource demand initiatives for FIS facilities.

9. In carrying out the SOW, Regal performed extensive software programming in developing and enhancing a land border crossing FIS facility space GAP analysis tool, and performed facility capacity analysis for each of the 33 land border crossings and developed a Red, Amber, Green status analysis for the top 50 largest land border crossings.

10. Regal performed the work required under the Task Order, provided the required deliverables and invoiced for the work performed.

11. Accordingly, Regal is entitled to be paid the outstanding agreed upon contract price of $34,029.67, plus interest pursuant to the FAR from August 2003.

12. On December 7, 2004, Regal delivered a claim letter to the Contracting Officer demanding that the outstanding contract balances be paid. The Contracting Officer has not responded to the claim letter and pursuant to the Contract Disputes Act, the claim is deemed denied. On May 18, 2005, counsel for Regal delivered an additional claim letter demanding payment of the outstanding contract balance and that claim letter was also ignored.

**COUNT I**
**(Breach of Contract)**

13. The allegations contained in preceding paragraphs of this Complaint are incorporated herein by reference as if fully set forth.

14. Regal entered into a valid and binding Contract with the United States.

15. Regal performed all obligations and conditions as required under the Contract.

16. The USACOE has failed and refused to pay all of the monies due and owing under the Contract, without cause or justification.

17. The USACOE has accepted the performance of Regal's work and received the benefit of Regal's services and is now obligated to pay in accordance with the terms of the Contract.

18. Despite repeated demands for payment, the USACOE has failed and refused to perform its obligations under the terms of the Contract. Regal is currently owed substantial sums of money plus interest and costs.

19. Under the Contract, Regal is entitled to immediate payment and performance from the USACOE.

WHEREFORE, Regal Decision Systems, Inc demands judgment against the United States of America in the principal amount of 34,029.67, plus prejudgment interest, postjudgment interest and costs of suit, as well as such other and further relief as this Court deems proper and just.

WHITEFORD, TAYLOR & PRESTON, LLP

Michael A. Stover
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street
Suite 1300
Baltimore, Maryland 21202
(410) 347-8700
(410) 347-9412 (fax)

Attorneys for Regal Decision Systems, Inc.

1632765